**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| EDWARD D. PEARL, | ) | CASE NO. 1: 05 CV 1693 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Respondent. | ) |  |

This matter comes before the Court upon Edward D. Pearl's ("Petitioner's") Motion to

Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF #1.)

**I.**

On March 26, 2002, pursuant to a written plea agreement, Petitioner entered a plea of

guilty to one count of conspiracy to possess with intent to distribute cocaine base ("crack"), in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  On August 19, 2002, this Court sentenced

Petitioner to seventy-seven months of incarceration, to be followed by six years of supervised

release.  Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which

affirmed this Court's judgment on December 9, 2003.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §

2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to

collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner raises two claims in his Motion. First, Petitioner asserts that this Court relied on impermissible unconstitutional enhancements to increase his sentence. (ECF #1 at 5.) Second, Petitioner alleges ineffective assistance of counsel. (*Id.* at 6.) Because Petitioner's claims lack merit, the Motion to Vacate, Set Aside or Correct Sentence is denied.

With respect to the allegedly improper enhancements, Petitioner's claim fails for several reasons. As an initial matter, this Court did not impose any enhancements to Petitioner's sentence. In addition, the record reflects that this Court imposed a sentence consistent with the terms of a plea agreement that Petitioner entered into while represented by counsel.[1] According

---

[1] Pursuant to the plea agreement, Petitioner agreed that he had a base offense level of twenty-four. This Court granted a three-level reduction in the base offense level for acceptance of responsibility, yielding a total offense level of twenty-one. This total offense level and Petitioner's criminal history category of V resulted in a sentencing range of seventy to eighty-seven months. Consistent with that range, this Court sentenced Petitioner to seventy-seven months of incarceration, to be followed by six years of supervised release.

to the terms of the plea agreement, Petitioner consented to be sentenced under the then-mandatory United States Sentencing Guidelines and waived virtually all of his available rights to file post-conviction petitions. There has been no suggestion that Petitioner's willingness to enter into the plea agreement was involuntary, or that the waiver therein is invalid. Thus, even if this Court had imposed sentence enhancements, Petitioner would be precluded from challenging those enhancements based upon his waiver. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). Moreover, to the extent that Petitioner is attempting to bring a claim concerning sentence enhancements under *United States v. Booker*, 125 S. Ct. 738 (2005), that case does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). As such, the *Booker* decision cannot serve as a basis for granting Petitioner's Motion.

As to Petitioner's ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although the basis for Petitioner's ineffective assistance of counsel claim is not clear, it appears that Petitioner may be suggesting that his counsel should have objected to the allegedly improper sentence enhancements. As set forth above, this Court did not impose sentence enhancements, nor does the *Booker* decision apply to this case. Thus, counsel's alleged failure to assert a Sixth Amendment *Booker* objection does not constitute ineffective assistance. Furthermore, even if the *Booker* decision applied to this case, Petitioner consented to be sentenced under the then-mandatory United States Sentencing Guidelines. Hence, Petitioner's ineffective assistance of counsel claim fails.

3

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Having found that the substance of Petitioner's claims are without merit, this Court need not address Respondent's argument that such claims are time barred. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: September 19, 2005

4